**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RALPH MOORE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-4682** |
| | : | |
| **WARDEN ERICKA PATTERSON,** *et al.***,**: | | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 11th day of March 2026, upon consideration of Plaintiff Ralph Moore's

Motion to Proceed *In Forma Pauperis* (ECF No. 10), Prisoner Trust Fund Account Statement

(ECF No. 11), *pro se* Complaint (ECF No. 1), and proposed Supplement (ECF No. 7), it is

**ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Ralph Moore, #1090154, shall pay the full filing fee of $350 in installments,

pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the

Warden of the Riverside Correctional Facility or other appropriate official to assess an initial

filing fee of 20% of the greater of (a) the average monthly deposits to Moore's inmate account;

or (b) the average monthly balance in Moore's inmate account for the six-month period

immediately preceding the filing of this case.  The Warden or other appropriate official shall

calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court

with a reference to the docket number for this case.  In each succeeding month when the amount

in Moore's inmate trust fund account exceeds $10.00, the Warden or other appropriate official

shall forward payments to the Clerk of Court equaling 20% of the preceding month's income

credited to Warden's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Riverside Correctional Facility.

4.      The Complaint is **DEEMED** filed.

5.      Moore is granted leave to supplement his Complaint.  The Clerk of Court is **DIRECTED** to separately docket pages 8 through 10 of ECF No. 7 as a "Supplemental Complaint."  The Clerk of Court shall **ADD** CO Miro and Warden Rose to the docket as Defendants.

6.      For the reasons stated in the Court's Memorandum, Moore's claims are **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as follows:

        a.      The following claims are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii): Moore's claims against the Philadelphia Department of Prisons, his claims based on handling of grievances, his Fourth Amendment claims based on the search of his cell, his Fourteenth Amendment claims based on confiscation of his personal property, his Fifth Amendment claim, and his official capacity claim against Corizon Health Medical Director Bruce Heard.

        b.      The following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim: Moore's claims against Corizon Health, his First Amendment retaliation and religious freedom claims, his Fourteenth Amendment conditions of confinement and deliberate indifference claims, his claims asserting

supervisory liability, and his official capacity claims against Warden Ericka Patterson, Correctional Officers Denmark and Miro, and Warden Rose.

7. The Clerk of Court is **DIRECTED** to send Moore a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

8. Moore is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state plausible claims in accordance with the Court's Memorandum. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Moore's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 25-4682. **If Moore files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Moore's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims, namely, the excessive force claims against Defendants Denmark and Miro. Claims that are not included in the amended complaint will not be considered part of this case. Conversely, Moore should not include in the amended complaint any claim that has already been dismissed with prejudice.** When drafting his amended complaint, Moore should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9. If Moore does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Denmark and Miro **only**. Moore may also notify the Court that

3

he seeks to proceed on these claims rather than file an amended complaint.  If he files such a notice, Moore is reminded to include the case number for this case, 25-4682.

10.     The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

**BY THE COURT:**

*/s/ Catherine Henry*

**CATHERINE HENRY, J.**
